UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────x

TASTE OF SOCIETY, L.C.,

    Plaintiff,

 -against-                                     05 Civ. 4028 (CM)

EDWARD CIFFONE and EILEEN CIFFONE,

    Defendants.

──────────────────────────────────────────x

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AWARDING ATTORNEYS' FEES, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS AS MOOT

McMahon, J.:

    This is an action to recover on a promissory note. The note was originally executed by Eric Ciffone, the son of the defendants, in order to finance his purchase, with a partner, of a restaurant in Park City, Utah. Eric's parents, the defendants in this action, signed the note in 2001 in substitution for their son's partner. At their depositions, Mr. and Mrs. Ciffone identified their signatures on the note.

    It appears that Eric was unable to make a go of the restaurant. He defaulted on the note. The holder is now seeking a substantial sum from Eric's parents, who have also not made any payments on the note, though they signed it.

    The situation is sad, but not unprecedented. The terms of the note are clear; so is the law. Plaintiff, who has moved for summary judgment, is entitled to the relief it seeks.

    Throughout the course of this lawsuit, defendants and their counsel have flouted this court's directives and ignored court rules. Defense counsel failed and refused to participate in the preparation of a Joint Pre-Trial Order at the close of discovery. Defense counsel failed and refused to respond in a timely fashion to plaintiff's motion for summary judgment. And when defendants submitted their untimely response, they failed to comply with this court's Local Rule 56.1 or to raise any genuine issue of material fact. In fact, they failed to offer any evidence at all in opposition to the motion, limiting their response to an attorney's document that makes assertions without citing to any evidentiary support.

    In addition to their motion for summary judgment, plaintiffs have filed a motion for sanctions, in the form of an order of preclusion, due to defendants' failure to comply with this

court's scheduling order or to participate in the preparation of the Joint Pre-Trial Order. The sanctions motion need not be decided. Plaintiffs are clearly entitled to summary judgment – and summary judgment they shall have.

**Standards for Awarding Summary Judgment**

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56 (c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Whether any disputed issue of fact exists is for the Court to determine. Balderman v. United States Veterans Admin., 870 F. 2d 57, 60 (2d Cir. 1989).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F. 3d 105, 114 (2d Cir. 1998).

Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Anderson, 477 U.S. at 248. Finally, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Industries Co., 475 U.S. at 586. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.

Summary judgment is appropriate in a breach of contract action where the language of the contract is unambiguous, and reasonable persons could not differ as to its meaning. See Fulton Cogeneration Assoc. v. Niagara Mohawk Power Corp., 84 F.3d 91, 98 (2d Cir.1996). Contract language is unambiguous when it has "'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion.'" Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir.1989) (quoting Breed v. Ins. Co. of North America, 46 N.Y.2d 351, 413 N.Y.S.2d 352, 385 N.E.2d 1280 (1978)).

Local Rule 56 sets forth special rules with which both parties must comply whenever a motion for summary judgment is filed. Local Rule 56.1(a) requires a party filing a summary judgment motion to annex a short, concise statement, in numbered paragraphs, setting forth each material fact in the case. Rule 56.1(b) requires a party opposing a motion for summary judgment to serve a counter-statement of material facts. Rule 56.1(d) requires that the statements filed

pursuant to Rules 56.1(a) and (b) include a citation to admissible evidence to support each proposition.

Plaintiff's motion complies in every particular with both Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 The notice of motion is accompanied by a textbook exemplar of a Rule 56.1 statement – short, concise numbered statements of fact, each accompanied by a citation to the record. The relevant documents and testimony are appended to the Rule 56.1 statement, thereby complying with Rule 56(e), which requires supporting affidavits to be made on personal knowledge, and copies of the papers referred to in testimony to be attached to the motion, so they can be reviewed by the court.

Defendants' Rule 56.1 Statement – which arrived two weeks after this court declined (because of defendants' failure to participate in the formulation of a joint pre-trial order) to extend their time for responding to the motion – does not comply with either the Federal Rules or the Local Rule. For the most part, defendants' Rule 56.1 statement denies knowledge or information concerning plaintiff's particularized allegations of fact. Occasionally, the Rule 56.1 Statement makes a positive assertion of fact, such as "Defendants learned of the existence of [a document] pursuant to plaintiff's document production in response to defendant's [sic] discovery demand" or "Defendants had no prior knowledge of the existence of the subject note no less execute the subject note." However, no evidentiary support is offered for any of those assertive statements. Defendants submit no testimony or affidavits from persons who have knowledge of the facts. They attach no documents to their response. They submit no brief. The sole response to the motion is an attorney-generated document that, for all the world, looks like an answer to a complaint.

Fed. R. Civ. P. 56(e) provides, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials . . . but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Under the law of this Circuit, "[W]here there are no [] citations or where the cited materials do not support the factual assertions in the Statements, the court is free to disregard the assertion." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted); see also O'Keefe v. Arbon Equip. Corp., 399 F.Supp.2d 478, 482-83 (S.D.N.Y. 2005); Epstein v. Kemper Ins. Co., 210 F.Supp.2d 308, 314 (S.D.N.Y. 2002); Fernandez v. DeLeno, 71 F.Supp.2d 224, 227-28 (S.D.N.Y. 1999).

I therefore disregard Defendants' non-compliant Rule 56.1 Statement. Having submitted no other response, defendants are in default of their obligations under Fed. R. Civ. P. 56(e), and this court must grant summary judgment to plaintiffs if they are entitled to it as a matter of law.

They are.

**Statement of Facts**

The following facts, drawn from plaintiff's Rule 56.1 Statement, are deemed undisputed:

On or about June 26, 2000, plaintiff entered into an Asset Purchase Agreement with ES Inc., Eric Ciffone and Soo Chyung. Plaintiff sold, and the purchasers bought, a restaurant located in Park City Utah. The purchasers gave plaintiff a promissory note for $225,000 to finance their purchase.

In 2001, Eric Ciffone and Soo Chyung asked plaintiff to release Chyung from his obligations to plaintiff. Ciffone represented to plaintiff's representative, Marcia Hales, that his parents would co-sign the note with him, and submitted a personal financial statement to plaintiff, which was reviewed prior to plaintiff's agreeing to substitute the Ciffones for Chyung on the promissory note.

Defendants signed the promissory note. Both Edward and Eileen Ciffone admitted under oath, in answers to Requests to Admit, that "It is my signature" on the promissory note. Each defendant denied that the first page of the note was attached to the signature page (which was page 2 of the note). However, the single page containing the signatures of the two defendants clearly states that the document being signed is a Note, and there is no evidence in the record that defendants were prevented from seeing a copy of the full document.

The note obligates the signatories to pay plaintiff $175,857.11, with interest at the rate of 11.5% per annum, in equal monthly installments of $3,360.17, commencing on June 26, 2001 and ending on June 26, 2007. The note provides for a 10% service charge in the event that any payment is more than 5 days overdue. If the signatories fail to make any payment (including service charges) within 15 days of the due date, the balance due under the note becomes immediately due, together with reasonable expenses, including court costs and attorneys' fees.

No payments have been made on the note since September 1, 2004, when the August 26, 2004 payment was received by plaintiff.

On January 17, 2005, plaintiff sent defendants a letter calling the note and demanding payment in full by January 28. When no payment was forthcoming, plaintiff commenced this lawsuit.

**Conclusions of Law**

In an action for non-payment of a note, plaintiff must prove the existence of the note and default in payment thereon. Spielman v. Acme Nat'l Sales Co., Inc., 159 A.D. 2d 918 (3d Dept. 1990). Having done so, plaintiff is entitled to summary judgment "in the absence of the submission by defendant of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense." Id.

Plaintiffs have met their burden. Defendants acknowledge that they signed the note. No one has made a payment since August 26, 2004.

The only possible defense suggested by defendants' answers to plaintiff's Requests to Admit is that the first page of the note was not attached to the page they signed. That is no defense; indeed, assertions of the sort proffered by defendants have been deemed "frivolous" by New York courts. Kornfeld v. NRX Technologies, Inc., 93 A.D. 2d 772, 773 (1st Dept. 1983), aff'd, 62 N.Y. 2d 686 (1984). "It is settled that under New York law, guarantors cannot avoid their obligations absent a clear showing that the obligee was guilty of fraudulent concealment and misrepresentation or any other circumstances inconsistent with a bona fide transaction." In re Adler, Coleman Clearing Corp., 247 B.R. 51, 117 (Bankr. S.D.N.Y. 1999). Specifically, defenses to a note include material alteration, duress, fraud, and incompetency. The statement suggesting that plaintiffs did not read the first page of the note before they signed it does not make out any of these defenses.

The undisputed facts indicate that Eric Ciffone submitted his parents' financial statement to the holder of the note and that Eric Ciffone obtained their signatures on the note. If the parents were unable to obtain a complete copy of the note from their son, it is hardly the fault of plaintiff. The undisputed fact is that they signed a document which, on the face of the page they signed, was a note. The terms of the note are clear and unambiguous and the signatures are admittedly genuine. Defendants have not accused their son of fraud. They have done nothing to defeat plaintiff's clear right to summary judgment.

Plaintiff is also entitled to an award of attorneys' fees, for which the note clearly and unambiguously provides. Plaintiff's counsel has submitted an affidavit indicating that the cost of litigation through October 31, 2005 (19.1 hours) is $6,407, including $5,730 in fees and $677 in expenses. The work on the motion for summary judgment totaled $3,038.13, of which $3,810 was fees for 12.7 hours of work and $38.13 constituted expenses. No response was filed to defendant's Rule 56.1 Statement.

The court is satisfied that these charges are reasonable and that the number of hours worked is not excessive. Accordingly, plaintiff is entitled to an award of $10,255.13, plus the costs of this action.

What did happen in response to defendants' filing was another motion – this one, a motion for sanctions (in the form of a preclusion order) for defendants' failure to abide by the terms of the Scheduling Order entered by this court – in particular, for failing to participate in the preparation of a Joint Pre-Trial Order. I need not decide that motion because it is mooted by today's holding. I do not intend to increase the award of attorneys' fees to cover the costs associated with the making of that motion. I did tell plaintiff's counsel that the proper course when a defendant failed to participate in the filing of a pre-trial order was a motion to preclude. However, it was not necessary for plaintiff to make such a motion until the motion for summary judgment was decided, since a favorable decision – which plaintiff obtained – would moot the need for preclusion.

today's holding. I do not intend to increase the award of attorneys' fees to cover the costs associated with the making of that motion. I did tell plaintiff's counsel that the proper course when a defendant failed to participate in the filing of a pre-trial order was a motion to preclude. However, it was not necessary for plaintiff to make such a motion until the motion for summary judgment was decided, since a favorable decision – which plaintiff obtained – would moot the need for preclusion.

The plaintiff is directed to submit a form of judgment to the Clerk, providing for judgment in the amount of $102,856.80, plus interest at the rate of $30.59 per day from January 19, 2005 (the date the note was accelerated) through the date of entry of judgment (counsel should not rely on the Clerk of the Court to do the math), together with the costs of the action and attorneys' fees and expenses of $10,255.13.

The Clerk of the Court shall then close the file, after marking the motion for sanctions "Denied as Moot."

Dated: March 23, 2006

U.S.D.J.

BY FAX TO ALL COUNSEL